McMILLAN, Presiding Judge.
The appellant, Donna Fowler, appeals her conviction for unlawful distribution of a controlled substance. She was sentenced, as an habitual offender with one prior felony conviction, to 10 years’ imprisonment. The trial court suspended Fowler’s sentence, ordering her to serve 18 months in the custody of the Department of Corrections, after which she is to be placed on supervised probation for a period of four years.
On January 25, 2002, Fowler’s appointed counsel on appeal filed a “no-merit” brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On March 7, 2002, appellate counsel filed a supplemental brief, stating that Fowler had requested that he argue two issues on appeal: (1) the fact that a partially incorrect presentence report was presented to the judge, and (2) Fowler’s record since being released from jail on this charge. His brief addresses only Fowler’s claim regarding the presen-tence report.
Fowler contends that because she was not provided a copy of the presentence report until the day of her sentencing hearing, she did not have adequate time to review the report and was thereby deprived of her due-process rights. The record indicates that Fowler did not object to the introduction of the presentence report at her sentencing hearing. Therefore, this claim has not been preserved for appellate review. Weaver v. State, 682 So.2d 488 (Ala.Crim.App.1996).
However, the State has requested this Court to remand this matter for clarification regarding the fíne imposed under the Demand Reduction Act, § 13A-12-281(a), Ala.Code 1975. The act requires that a $2,000 fine be imposed. Although the sentencing order states the correct amount of this fine, the transcript of Fowler’s sentencing hearing indicates that the trial court imposed a fine of $10,000. Moreover, the trial court neglected to impose the $100 fine for the Alabama Forensic Sciences Trust Fund. See § 36-18-7(a), Ala.Code 1975.
This cause is therefore remanded to the Marshall Circuit Court for that court to clarify its order regarding the fíne imposed under § 13A-12-281(a), Ala.Code 1975, and to impose the penalty mandated by § 36-18-7(a), Ala.Code 1975. Due return shall be made to this Court within 60 days from the date of this opinion.
*625 REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.